Birchard, C. J.
The question first presented is, can a stranger or third person interfere to remove a case by appeal from the common pleas to the Supreme Court? This declaration and the bond set forth on oyer shows that Reid, one of tho defendants below, volunteered, of his own motion, to appeal the cause of Quigley v. Cummins. There is nothing in the record to show that this was not the sheer intermeddling of a stranger. Section 109 of practice act (Swan, 682) provides that, in order to remove a cause by appeal, tho party desirous of appealing shall enter notice on *the record of such intention, and within thirty days from the rising of tho court shall enter into bonds to the adverse party, with one or more good and sufficient sureties, etc.
This is the only law which gives an appeal in any case, and this only enables the party to appeal from a judgment of an inferior court to<the Supremo Court. This authority is given to the party to the judgment, and to no one else. Third persons are not authorized to act by tho law nor would good policy allow them to interfere and remove causes, by appeal. It is manifest that such a practice could not be tolerated, as it would produce many evils, and be subversive of private rights. But it is urged that if Reid took the appeal, the defendant Cummins had given the notice, and subsequently prosecuted the appeal, and thereby adopted Reid’s act and made it his own, so that in fket “the party to the suit took the appeal, gave the bond (by adopting the one given' for his benefit), and prosecuted it to final judgment.”
This argument travels somewhat out of the case made in the declaration, and is objectionable for that reason. It is equally bad for another. Cummins had no right to treat his case as appealed, unless by his own act he caused a bond to be filed within thirty days. If he had made no election before that time, he could *376 not thereafter elect to take advantage of the officious act of another.
It is farther urged that if this bond was void, it did not remove the cause, and if not, the judgment rendered therein in this court is a nullity. We are not of the opinion that this result necessarily follows. If both parties appeared in the Supreme Court and litigated the case, as the argument assumes, the judgment will be good enough, because neither could go behind the judgment to take exception to the mode in which this court obtained jurisdiction.
Again, section 4 of the amendatory act (Swan, 680) provides that no exception to an appeal bond in any case removed from the court of common pleas to”the Supreme Court shall be taken, unless the same be done at *tho term of the court in which the appeal is entered, and failure to take such excoption at that time, shall be considered as a waiver of -all exceptions. And if upon exception the bond shall be found defective, either in form or in any other respect, the appellate court may order a new bond to be given, etc., and. if given, said appeal shall not be dismissed, unless the bond were filed after the expiration of the thirty days. Under this statute we think the appeal bond, if actually filed at the instance of Cummins, was the subject of amendment, and "might have been amended under the order of court, upon showing that Reid’s name was inserted as appellant by mistako. But the exception was never taken, and the failure to take it was a waiver on the part of Quigley. It estops him from asserting that the cause was not well appealed, and from taking any exception to the appeal bond. Ho can not complain, for it is his own fault that he relied upon a bond that could not be enforced without amendment, and neglected to move for an amendment in time, and has thereby lost tho means of collecting the judgment from securities.
It is further contended as a distinct ground for recovery, that this bond was founded on a good consideration, and may be sustained as valid at common law. As the pleadings stand, the question concerning the sufficiency of the consideration is not ojien to inquiry. The seal imports a consideration, and there is no plea or defense set ujd under the statute, which permits the consideration of instruments under seal to be inquired into. Still the bond can not be valid as a common-law bond, admitting the consideration which the seal imports. It carries on its face evidence that it is against public policy, and nothing in the record *377 relieves it from this apparent difficulty. We can not sustain it, without sanctioning the doctrine that one man may officiously interfere with another man’s business, and appeal his causes from an inferior to a superior tribunal. Judgment reversed.